IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,     )<br>                              )<br>             Plaintiff,       )     **CRIMINAL ACTION**<br>                              )<br>v.                            )     No.  07-10160-01-MLB<br>                              )<br>ROBBIE S. URBANO,             )<br>                              )<br>             Defendant.       )<br>_____) | |

**MEMORANDUM AND ORDER**

On April 28, 2008, this case came on for hearing following defendant's sentencing objection pursuant to the United States Supreme Court's decision in Begay v. United States, --- U.S. ----, 128 S. Ct. 1581, ---L. Ed.2d ----, 2008 WL 1733270 (U.S. Apr. 16, 2008). (Doc. 25). The court heard the statements and arguments of counsel. The court is now prepared to rule.

In Begay, the Supreme Court held that a prior felony conviction for drunk driving under a New Mexico state statute, N.M. Stat. Ann. §§ 66-8-102(A) et seq., was not a "violent felony" for purposes of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The definitions of "violent felony" in the ACCA and "crime of violence" in §§ 4B1.1(a) and .2 are nearly identical and generally interpreted as coextensive. United States v. Jackson, No. 05-8003, 2006 WL 991114, 2 (10th Cir. Apr. 17, 2006)(citing United States v. Moyer, 282 F.3d 1311, 1315 (10th Cir. 2002) and United States v. Winter, 22 F.3d 15, 18 n. 3 (1st Cir. 1994)). The Supreme Court reached its conclusion that drunk driving under New Mexico law is not a "violent felony" by "consider[ing] the offense generically, that is . . . [,]

in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." The court observed that even though drunk driving "involves conduct that presents a serious potential risk of physical injury to another," it is not a "violent felony" because it is "simply too unlike the provision's listed examples [of burglary, arson, extortion or crimes involving the use of explosives] . . . to believe that Congress intended the provision to cover it." The Court found that the presence of the listed examples "indicates that the statute covers only similar crimes, rather than every crime that presents a serious potential risk of physical injury to another" and concluded to qualify as a crime of violence, the crime must "present a serious potential risk of physical injury to another," and also be "roughly similar, in kind as well as in degree of risk posed, to the examples [of burglary, arson, extortion or crimes involving the use of explosives] themselves."

The holding of the Supreme Court requires this court to apply a two-part inquiry in deciding whether the crime of fleeing and eluding an officer is a crime of violence. First, the court must determine if the crime "involves conduct that presents a serious potential risk of physical injury" to another. Second, the court must decide whether the crime is "roughly similar, in kind as well as in degree of risk posed, to the examples" listed.

The government asserts that defendant's crimes did present a serious potential risk of physical injury. However, <u>Begay</u> requires that the court look to the statutory definition of the crime and not the manner in which defendant committed the crime. The crime of

-2-

fleeing and eluding is set forth at K.S.A. 8-1568 as follows:

Fleeing or attempting to elude a police officer; penalties.

(a) Any driver of a motor vehicle who willfully fails or refuses to bring such driver's vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police vehicle or police bicycle, when given visual or audible signal to bring the vehicle to a stop, shall be guilty as provided by subsection (c)(1), (2) or (3). The signal given by the police officer may be by hand, voice, emergency light or siren. The officer giving such signal shall be in uniform, prominently displaying such officer's badge of office, and the officer's vehicle or bicycle shall be appropriately marked showing it to be an official police vehicle or police bicycle.

(b) Any driver who violates the provisions of subsection (a) and who: (1) Commits any of the following during a police pursuit: (A) Fails to stop for a police road block; (B) drives around tire deflating devices placed by a police officer; (C) engages in reckless driving as defined by K.S.A. 8-1566 and amendments thereto; (D) is involved in any motor vehicle accident or intentionally causes damage to property; or (E) commits five or more moving violations; or

(2) is attempting to elude capture for the commission of any felony, shall be guilty as provided in subsection (c)(4).

(c) (1) Every person convicted of violating subsection (a), upon a first conviction, shall be guilty of a class B nonperson misdemeanor.

(2) Every person convicted of violating subsection (a), upon a second conviction of such subsection, shall be guilty of a class A nonperson misdemeanor.

(3) Every person convicted of violating subsection (a), upon a third or subsequent conviction of such subsection, shall be guilty of a severity level 9, person felony.

(4) Every person convicted of violating subsection (b) shall be guilty of a severity level 9, person felony.

While an individual can, and often does, cause serious personal injury or death while attempting to flee from the police, the statute also charges behavior which would arguably not cause serious personal

injury.

However, even if the court should determine that the crime of fleeing and eluding an officer presents a serious potential risk of safety to individuals, the court cannot find that the crime is similar to the listed crimes in U.S.S.G. § 4B1.2(a)(2). The Supreme Court reasoned in Begay that drunk driving was not similar to the listed crimes because the listed crimes included purposeful, violent and aggressive conduct. While the crime of fleeing and eluding clearly would be a result of purposeful conduct, the statutory definition of the crime does not point to actions that are violent. A person may be charged with fleeing and eluding for merely failing to stop after an officer signals for that individual to stop. To be charged with a felony, a person may fail to stop and then drive around a tire deflating device. Again, the important significance of Begay is that the court look at the statutory requirements of the crime and not the manner in which defendant committed the crime. While this court has previously concluded that the crime of fleeing and eluding is a crime of violence, see United States v. Clark, No. 05-3280, 2005 WL 1925646 (D. Kan. Aug. 10, 2005), the court believes that in light of the Supreme Court's reversal of the Tenth Circuit's decision in Begay the crime of fleeing and eluding would not be found to be a crime of violence.

In conclusion, the court finds that the crime of fleeing and eluding an officer is not a crime of violence within the meaning of section 4B1.2(a)(2) because it is not similar to the listed crimes set forth in that section. Defendant's second objection to the presentence report is sustained.

Defendant's first objection to the presentence report is overruled.

Defendant's third objection to the presentence report is overruled, essentially for the reasons set forth in the probation officer's response. Defendant's two 1999 convictions for fleeing and eluding were punishable by a prison term exceeding one year. In other words, they were felonies even though the sentences imposed were for less than one year.

Accordingly, defendant's base offense level is reduced to 20 plus a 2 level increase for obstruction which, combined with a criminal history of V, yields an advisory guideline range of 77-96 months. (PSR ¶ 119).

Defendant will be sentenced on May 19th at 2:30 p.m.

IT IS SO ORDERED.

Dated this __6th__ day of May 2008, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE