# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) Plaintiff, ) ) v. ) ) ROBBIE S. URBANO, ) ) Defendant. ) ) | **CRIMINAL ACTION** No. 07-10160-01 |

## MEMORANDUM AND ORDER

Before the court is defendant's pro se motion pursuant to 28 U.S.C. § 2255 (Doc. 50). Defendant's conviction and sentence were affirmed, United States v. Urbano, 563 F.3d 1150 (10th Cir. 2009). Defendant's petition for certiorari was denied. The court is familiar with the rules pertaining to pro se petitions and claims regarding ineffective assistance. The files and records conclusively show that defendant is entitled to no relief and accordingly, his motion is denied.

Defendant was convicted following a jury trial. He makes the following claims of ineffective assistance:

1. Counsel failed to object to photographs of the scene where the weapon thrown away by defendant was discovered. In conclusory fashion, defendant asserts that the photographs were taken some 13 months after the date when he threw the weapon in the pond. Defense counsel questioned the witness before the photographs were admitted (Tr. Trans. at 38-39). Defendant does not suggest how the photographs were prejudicial or otherwise inadmissable and clearly they were neither.

2. Defendant contends that his counsel ". . . should have filed a Rule 29 motion for acquittal. Prior to trial, Urbano was given inadequate advice, and counsel and defendant had irreconcilable differences on trial strategy, which is tantamount to ineffective assistance of counsel . . . ." Defense counsel, a highly experienced federal public defender <u>did</u> file a Rule 29 motion at the conclusion of the government's evidence, which was denied. (Tr. Tran. at 205-06). Defendant does not specify how counsel's pretrial advice was inadequate nor does he explain the alleged irreconcilable differences.

Defendant contends that his counsel failed to sequester witnesses which ". . . allowed witnesses to repeat the same testimony as witnesses previously heard on the witness stand." The trial transcript does not specifically reflect one way or the other whether the witnesses were sequestered. However, a review of the testimony demonstrates not only that witnesses did not repeat each others testimony but they could not have done so because, to a great extent, their testimony related to different subjects.

3. Defendant contends that his counsel ". . . failed to request suppression of video of alleged car chase with incorrect date and time stamp, knowing that the dates and times are incorrect . . . [and] never made any of the key elements contained herein a matter preserved on the record . . . ." There was nothing "alleged" about the car chase; it happened. To the extent that the time and date stamps depicted on the video were different, defense counsel cross examined the highway patrol trooper involved in the case who explained the inaccuracy (Tr. Tran. at 68-70).

4. Finally, defendant contends his counsel was ineffective for

"failing to request a mistrial for prosecutorial misconduct for failing to challenge the government's conduct by them withholding lab results on the DNA and fingerprints until the trial had already begun. This is exculpatory evidence and could have either had the indictment dismissed or plea bargained to a binding Rule 11(c)(1)(C) plea agreement with a lesser sentence imposed." Counsel did move for a mistrial, which the court denied (Tr. Tran. at 149-52). Ultimately, the government, defense counsel and defendant entered into a stipulation, which was admitted as exhibit 8, that neither DNA nor fingerprint evidence was found on t
he weapon (Doc. 22-1).

Defendant's motion (Doc. 50) is denied.

IT IS SO ORDERED.

Dated this __15th__ day of November 2010, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE